**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | |
|---|---|
| **In re:**<br><br>MARTHA J. ANDERSON,<br><br>Debtor | **Chapter 13 Bankruptcy**<br><br>**Bankruptcy No. 16-17156 REF** |

**SECOND AMENDED CHAPTER 13 PLAN (CORRECTED)**

1. The Debtor shall pay the sum of $18,008.00 to the Chapter 13 Trustee, as follows:

    a. The sum of $2,618.00 has already been paid to the Chapter 13 Trustee.

    b. From November 8, 2017 through December 8, 2018 (14 payments), the sum of $85.00 per month (total = $1,190.00).

    c. From January 8, 2019 through June 8, 2019 (6 payments), $250.00 per month (total = $1,500.00);

    d. From July 8, 2019 through July 8, 2020 (13 payments), $300.00 per month (total = $3,900.00); and

    e. From August 8, 2020 through November 8, 2021 (16 payments), $550.00 per month (total = $8,800.00).

2. From the payments so received, the Trustee shall make disbursements as follows:

    a. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507, as follows:

        i. Trustee's commissions.

        ii. Approved attorney's fees for services rendered by Hartman, Valeriano, Magovern & Lutz, P.C. in this bankruptcy proceeding.

    b. Holders of allowed secured claims shall retain the liens securing such claims and shall be provided for as follows:

        i. Pennsylvania Housing Finance Agency (Proof of Claim No. 2) (Mortgage on residential real estate): Pre-petition arrears will be paid through the Plan. Payments arising post-petition will be paid outside the Plan.

        ii.       Santander Consumer (Proof of Claim No. 1) (Secured by the Debtor's 2013 Honda CRV):  Post-petition arrears will be paid through the Plan, in accordance with the Stipulation entered into between the Debtor and the Claimant, which was approved by the Court on June 8, 2017.  Payments arising subsequent to the date of the payment addressed by the Stipulation will be paid when due.

    c.    Subsequent to dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed shall be paid pro rata.

3. The following executory contracts of the Debtor are rejected: None.

4. Title to the Debtor's property shall revest in the Debtor upon the closing of the case.

Date:  November 4, 2017

                              **Respectfully submitted,**

                              **Hartman, Valeriano, Magovern & Lutz, PC**

        **by:**    /s/ George M. Lutz
                              _____
                              **George M. Lutz, Esquire**
                              **1100 Berkshire Boulevard, Suite 301**
                              **Wyomissing, PA  19610**
                              **Pa. Attorney ID No.: 46437**